**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

In re:

GLACIER VALLEY TOURS, LLC,

        Debtor.

Case No. J08-00213-DMD
Chapter 11

**Filed On 8/14/09**

## MEMORANDUM REGARDING STAY PENDING APPEAL

      Glacier Valley Tours, LLC, seeks a stay of this court's order authorizing the trustee's sale of real property pending appeal. There are four factors to be considered when presented with a motion for stay pending appeal. They are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[1]

In explaining the application of the factors the court employs "two interrelated legal tests" that "represent the outer reaches of a single continuum."[2]

> "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." We have recently applied, as an alternative test at this end of the continuum, a test originally formulated for granting a preliminary injunction: "(1) a strong likelihood of success on

---

[1] *Golden Gate Rest. Ass'n v. City and County of San Francisco,* 512 F.3d 1112, 1115 (9th Cir. 2008), citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[2] *Golden Gate*, 512 F.3d at 1115.

> the merits, [and] (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted[.]" "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Further, we "consider 'where the public interest lies' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]"[3]

I have reviewed the debtor appellant's memorandum in support of its motion for stay. From my viewpoint, the debtor has not made a strong showing that it is likely to prevail on the merits. Loss of the real property could be considered an irreparable injury, however. Assuming that serious legal questions have been raised by the debtor, the balance of hardships does not tip sharply in its favor here. The property at issue is encumbered by a deed of trust in favor of Joe Smith. The debtor has had the use of this property for several years while Smith, who is now deceased, has not received a payment on the deed of trust since October 24, 2006. The trustee's proposed sale will provide substantial funds to the Estate of Joe Smith and Smith's aging widow, who is a beneficiary of his estate. The loss of the property may be a hardship to the debtor, but I feel the loss of the sale would impose an equal or greater hardship on the Smith Estate and his widow. The property is remote and can only be marketed during a brief time frame. If the sale is lost, there may be none to replace it, despite the terminal optimism of the debtor's principal, Al Gilliam.

---

[3] *Id.* at 1115-16 (citations omitted).

2

The loss of the sale would also impose a hardship upon the trustee, his attorney, his realtor and any unsecured creditors. The real property is the only significant asset in the bankruptcy estate. If this sale fails and the Smith Estate obtains relief from stay, estate professionals will be left in the cold with no source of funds for reimbursement of their time and expenses in conjunction with the sale, which have been substantial. The balance of hardships does not tip sharply in favor of the debtor.

Granting a stay in this instance would substantially injure both the Smith Estate and the bankruptcy estate. The debtor is working on posting a bond but has not yet succeeded. A discussion of the proper amount for such a bond was held during the hearing. Losses covered by a bond would include the time-value of lost funds over the life of the appeal. The Smith Estate stands to receive $236,200.00 in proceeds from the trustee's proposed sale. Assuming a two year delay for the appeal, and applying the contract rate of 6% contained in the deed of trust, the Smith Estate would lose $28,344.00 over this period. The bankruptcy estate would lose the sum of $44,800.00, its carve out from the sale proceeds. Again assuming a two year appeal period, the bankruptcy estate would lose at least $1,792.00 from loss of the sale.[4] Annual tax payments during a two year appeal period are estimated at $2,000.00.[5] The appellees' costs for the appeal are unknown. A supersedeas bond of at least $76,936.00 plus appellee costs, if any, would have to be posted to minimally protect the non-appealing partys' interests. Such a bond would not cover, however, possible

---

[4] This is a conservative estimate, using an interest rate of 2% per annum.

[5] According to trustee's counsel, the amount of 2009 real property taxes on this parcel were $918.09. Because the taxes are likely to increase over the next two years, the court has estimated $1,000.00 annually for taxes over the projected appeal period.

3

depreciation to the value of the disputed real property over the life of the appeal. Nor would it guarantee that the real property, a remote parcel with unique characteristics, could be sold at the conclusion of an unsuccessful appeal for the sum now on the table.

Finally, the public interest will not be served by granting a stay here. Rather, the stay would impede the ability of bankruptcy estates to realize maximum value for their assets. The granting of a stay would also discourage prospective future buyers from offering to purchase bankruptcy estate property because of the possibility of long-term delays in closing sales. Further, as noted in my memorandum of August 4, 2009, I have found bad faith considerations here which would be rewarded if the stay were granted.

For these reasons, and for the reasons set forth in my memorandum of August 4, 2009, the appellant's motion for a stay pending appeal should be denied.

DATED: August 14, 2009

                                BY THE COURT

                                /s/ Donald MacDonald IV
                                DONALD MacDONALD IV
                                United States Bankruptcy Judge

Serve:  M. Heiser, Esq.*
       E. LeRoy, Esq.
       D. Bruce, Esq.
       L. Compton, Trustee
       U. S. Trustee

        08/14/09

*courtesy copy served via facsimile 8/14/09* - aam